

# The Attorney General of Texas

August 28, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway. Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth. Suite B
McAllen. TX. 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Ben Z. Grant, Chairman
Judiciary Committee
House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No.  MW-230

Re:   Whether a schoolteacher may receive compensation for service as a member of a city council

Dear Representative Grant:

You inform us that two school teachers employed and paid by the Angleton Independent School District have been elected to the Angleton City Council. You ask whether it violates article XVI, section 40 of the Texas Constitution for these persons to receive payment for city council service.

This office addressed a similar question in Attorney General Opinion H-6 (1973), which concluded that a junior college teacher paid by the State could serve as a member of the commissioners court only if he renounced his salary for service as a commissioner. This conclusion was based on the following language of article XVI, section 40:

> State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental districts; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.

Tex. Const., art. XVI, §40. The reasoning of Attorney General Opinion H-6 is applicable to your question. A teacher is indirectly paid in part by the state, and may serve on a city council only if he receives no salary for the latter service. See also Letter Advisory No. 20 (1973). We note that your question and our response are limited to a city's payment of salary to a city councilman, and neither the question nor the answer extends to any legitimate reimbursement of expenses.

The district court decision in Hairgrove v. Pasadena Independent School District is not inconsistent with our answer to your question. Hairgrove v. Pasadena Independent School District, Cause No. 79-27154, District Court of Harris County, 129th Judicial District of Texas, September 10, 1979. In that case a teacher employed by an independent school district was also a salaried member of the Pasadena City Council. When the school district became aware that he received compensation for serving on the city council, it withheld his salary. The teacher sued for back pay and won. The judgment stated that "Article 16, Section 40 does not empower P.I.S.D. to withhold Plaintiff's school teacher salary." Article XVI, section 40 bars the teacher from receiving compensation for his service on the governing body of a city but it does not affect his compensation for State employment as a teacher. Thus, the court considered a different question from the one you asked, and its decision does not affect our answer to your inquiry.

## SUMMARY

Article XVI, section 40 of the Texas Constitution permits a school teacher paid from state funds to serve as a city council member only if he receives no compensation for the city council service.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood